**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 20, 2020

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Dante Stephens*, 15 Cr. 95 (AJN)

Dear Judge Nathan:

      The Government writes regarding the sentencing of Dante Stephens for a violation of supervised release, which is currently scheduled for January 22, 2020 at 10:00 a.m. For the reasons set forth below, the Government respectfully requests that the Court impose a sentence of three months' imprisonment followed by three months of home detention.

## I.    Background and Procedural History

      On March 31, 2017, 2016, Stephens pled guilty to Count One of the S2 Indictment in this case, which charged him with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962.  (PSR ¶ 8.)  As set forth in the PSR, Stephens sold crack and marijuana with the members of the Big Money Bosses ("BMB") gang.  Stephens was responsible for distributing between 196 and 280 grams of crack, and between 40 and 60 grams of marijuana. (PSR ¶ 24). His Guidelines range at the time of sentencing was 77 to 86 months' imprisonment.  On September 22, 2017, the Court sentenced Stephens to 30 months' imprisonment, to be followed by 3 years' supervised release. As a special condition of supervised release, the Court required that Stephens attend nine months of inpatient drug treatment and participation in an educational or vocational program.

      Stephens commenced his supervision on September 22, 2018. His supervised release term is set to expire on September 26, 2021. As set forth in the Amended Violation Report dated December 12, 2019, Stephens successfully completed three months of an inpatient treatment program and then transitioned to an outpatient treatment program.  On September 3, 2019, Stephens was arrested in the vicinity of White Plains Road and East 228th Street in the Bronx with a backpack containing 17 vials of marijuana; four bags containing marijuana; 24 orange baggies containing marijuana; and 2 bags containing crack cocaine. Stephens told his probation officer, in substance, that that the drugs were not his, and that he was doing a favor for his friend.

      On December 3, 2019, Stephens appeared before this Court on an initial violation hearing for specifications related to the September 3, 2019 arrest. Stephens was allowed to remain on supervised release while his state case was pending, with the added condition that he complete community service.

On December 11, 2019, Probation received confirmation that Stephens had tested positive for marijuana use on or about November 26, 2019, only a few days before his prior Court appearance. When the Probation Officer notified Stephens of the positive drug test, Stephens falsely denied using marijuana. In addition, on December 5, 2019, Stephens failed to appear for drug testing. On December 6, 2019, Stephens did appear for drug testing. The results were positive for marijuana and amphetamine use. On December 9 and 12, 2019, Stephens failed to appear for drug treatment.

On December 19, 2019, Stephens appeared before the Court on the Amended Violation of Supervised Release, which added specifications for his positive drug tests and failures to appear for testing and treatment.  Stephens pled guilty to Specification 6, which charged that on or about November 26, 2019, Stephens used marijuana, a Grade C violation. The Sentencing Guidelines for Specification 6 are six to 12 months' imprisonment; Probation has recommended nine months' imprisonment. Stephens has remained at liberty and on supervised release pending his sentencing in January.  According to Probation, since his guilty plea, Stephens tested positive for methamphetamine use on January 8, 2020.

## II.    Recommended Sentence

The Government respectfully requests that the Court revoke the defendant's supervised release, and impose a sentence of three months' imprisonment and three months' home confinement, to be followed by two years of supervised release.  This sentence is necessary in order to impress on the defendant the serious consequences that result from failing to comply with the terms of his supervised release.  Although Stephens' period of supervision began with positive reports from his inpatient and outpatient treatment programs, his compliance record has been poor since he was arrested in September 2019 with a backpack full of drugs (the same drugs which he was originally sentenced for selling); indeed, his record of non-compliance appears only to be getting even worse.  Stephens not only has begun using illegal drugs again— both marijuana and, most concerning, methamphetamine—but he lied to his Probation Officer about his drug use, and has failed to appear for testing and treatment. Even after multiple admonitions of the Court following his original violations and his guilty plea in December 2019, Stephens tested positive for methamphetamine use on January 8, 2020. Furthermore, Stephens has shown little interest or willingness to complete offered vocational training or to obtain lawful employment. His job at his family's restaurant is off-the-books and, due to the family ties, difficult to verify. It is clear that Probation has run out of options for encouraging Stephens to comply. The Court has shown leniency to the defendant on several occasions previously, and yet the defendant continues to make poor decisions. Therefore, the Government believes that a short period of incarceration, followed by home confinement, is necessary to encourage respect for the

law, deter future violations, and to punish the defendant for his violation.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: ____/s/_____
Jessica Feinstein
Hagan Scotten
Allison Nichols
Drew Johnson Skinner
Assistant United States Attorneys
(212) 637-1946

Cc: Defense counsel for Dante Stephens