919 THIRD AVENUE NEW YORK, NY 10022-3908

JENNER&BLOCK LLP

October 15, 2020

Anthony S. Barkow
+1 212 891 1662
ABarkow@jenner.com

**BY ECF AND EMAIL**

The Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 2102
New York, NY 10007

Re:   *United States v. Dante Stephens*, No. 15-cr-95 (AJN) – Sentencing Memorandum

Dear Judge Nathan:

As counsel to Dante Stephens, we respectfully write regarding his sentencing for a violation of the terms of his supervised release ("VOSR"), which is scheduled for October 20. For the reasons set forth below, we respectfully submit that the Court impose a sentence of time served or, in the alternative, that any additional sentence of incarceration be served on home confinement. We further request that Mr. Stephens's term of supervision terminate as scheduled on September 26, 2021.

### I.   Standard of Review

"[S]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *See United States v. Johnson*, 529 U.S. 53, 59 (2000). Under 18 U.S.C. § 3583, the sentencing court for a VOSR shall consider the sentencing factors provided in 18 U.S.C. § 3553—including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"—and impose a sentence that is "sufficient, but not greater than necessary."  18 U.S.C. § 3583(e); *id*. § 3553(a).

### II.   Background

As more fully set out in Mr. Stephens's January 15 sentencing memorandum, Mr. Stephens is a 27-year-old with a troubled past rife with trauma and substance abuse.  *See generally* Sentencing Submission by Dante Stephens, ECF No. 2742, Jan. 15, 2020 ("January Submission"). When Mr. Stephens was before the Court on January 22, he had recently tested positive, three times, for methamphetamines, Sent'g Hr'g Tr. 3:25–4:8, 5:23–6:8, ECF No. 2767, Jan. 22, 2020, and the Court ordered Mr. Stephens to complete residential drug treatment, Sent'g Hr'g Tr. 23:12–16.  Three days after appearing before the Court, and before entering residential drug treatment, Mr. Stephens engaged in the conduct underlying this VOSR.

CHICAGO   LONDON   LOS ANGELES   NEW YORK   WASHINGTON, DC          WWW.JENNER.COM

As of his sentencing in this matter, Mr. Stephens will have been incarcerated for a month and a half and will have spent more than seven months on 24-hour home confinement and electronic monitoring under the supervision of U.S. Probation. On February 6, 2020, Mr. Stephens was arrested for the conduct underlying the present VOSR and then incarcerated at the Vernon C. Bain Correctional Center. On March 2, 2020, Mr. Stephens was released on dollar bail and transferred to federal custody for the VOSR. Mr. Stephens was released on federal bail on March 4, 2020; bail was revoked on March 6, 2020, and he was remanded to the Metropolitan Correctional Center ("MCC"). On March 16, 2020, Mr. Stephens sought emergency reconsideration of bail conditions due to the threat of COVID-19, and on March 19, 2020, the Court released Mr. Stephens to home confinement with electronic monitoring, where he has remained since. On September 23, 2020, Mr. Stephens admitted to Specifications 2, 6, and 7 of the Violation Report, and the Court continued his home confinement pending sentencing. *See* Violation Report at 2–3, Feb. 7, 2020.[1]

### III. Mr. Stephens Should Receive a Below-Guidelines Sentence and Serve Any Additional Time on Home Confinement

We respectfully request that the Court impose a below-guidelines sentence of time served, or, in the alternative, allow Mr. Stephens to serve any additional time in home confinement. Without minimizing the seriousness of Mr. Stephens's conduct, limiting Mr. Stephens's sentence to the time he has already spent incarcerated and on home confinement would adequately punish Mr. Stephens for his offense while serving the rehabilitative purposes of supervised release, allowing him to reenter society by obtaining gainful employment, supporting his family, and serving as a present parent for his children.

Mr. Stephens recognizes the severity of the conduct to which he admitted, fully accepts responsibility for his actions, and profoundly regrets that the present violations occurred just three days after he appeared before the Court. As all parties agreed, Mr. Stephens was in a bad place at the time of his January 22 sentencing. However, Mr. Stephens has since proven his capacity for rehabilitative growth through his compliance on home confinement, and he is committed to building on this success. As the Court recognized on September 23 when Mr. Stephens admitted this conduct, Mr. Stephens has complied with the conditions of his supervised release and home confinement since his home detention period commenced in March. These many months have provided Mr. Stephens the time to reflect on his past mistakes and the future he envisions for himself. This time—including the six weeks he spent incarcerated at the Bain Correctional Center

---

[1] Mr. Stephens was previously incarcerated for 30 months in this case. Sent'g Hr'g Tr. 24:19–21, ECF No. 1869, Sept. 22, 2017. He was sentenced to the present term of supervision on the basis of his plea to one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Plea Hr'g Tr., ECF No. 1233, Mar. 31, 2017. In the government's own words, Mr. Stephens "was about as low on the totem pole of drug dealing as there was in this case." Sent'g Hr'g Tr. 11:24–12:1, ECF No. 1869, Sept. 22, 2017.

and MCC—has been a wake-up call. Last month, Mr. Stephens's childhood friend was stabbed to death in prison while serving his sentence.[2] Mr. Stephens has been deeply affected by his friend's death, reinforcing for him that he does not want to return to prison or put himself in situations that could land him back there.

Further, Mr. Stephens has neither prior convictions nor arrests for violent offenses, nor VOSR violations involving violence. There is no allegation here that Mr. Stephens discharged or brandished the gun, or threatened anyone. The Bronx District Attorney's Office has dismissed the state case for the instant conduct. Moreover, those who know Mr. Stephens universally describe him as a caring and sensitive person, with no inclination towards violence. Mr. Stephens's younger sister Taejuan, a criminal justice major at John Jay College, wrote, "[M]y brother . . . has always been a caring and protective brother to me." Exhibit A, Letter from Taejuan Stephens. Mr. Stephens's older sister Dana Phillips wrote that although Mr. Stephens has not always made the "right choices," Mr. Stephens is "sincere" and has a "good heart," and is the kind of person who thinks to bring plates of food to elderly neighbors on Thanksgiving. Exhibit B, Letter from Dana Phillips.

Caring for his children has always been Mr. Stephens's North Star. Throughout this case, Mr. Stephens has continued to be a committed parent to his two young children Sebastian (age 5) and Taraji (age 10). While on home confinement, Mr. Stephens has FaceTimed his son Sebastian and his daughter Taraji multiple times throughout the day. As Mr. Stephens's older sister Dana said, "[H]e is a great father more . . . than anything." Exhibit B, Letter from Dana Phillips. Taraji and Sebastian have struggled being without their father during Mr. Stephens's periods of incarceration. Dana described how Taraji was so happy to spend Halloween with her father after his release in 2018 that "[a]t one point she broke down in tears" and "it was a touching moment for [their] family." Exhibit B, Letter from Dana Phillips. Mr. Stephens wants nothing more than to provide for his children and be present in their lives. To that end, Mr. Stephens has expressed to defense counsel that he wants to regain employment as soon as possible and is eager for the opportunity to rebuild his life. As Mr. Stephens's younger sister Taejuan wrote, "I've noticed significant growth and change for the better from Dante. . . . He has become more ambitious and for this reason I believe he needs all the positive support he can get." Exhibit A, Letter from Taejuan Stephens; *see also* Exhibit B, Letter from Dana Phillips (Mr. Stephens has also expressed to his older sister that he wants to go back to school and "do right" by his family.).

If the Court does impose an additional sentence, we request Mr. Stephens serve it in home confinement due to his continuing track record of success and compliance over the last eight and a half months. The risk of contracting COVID-19 in correctional facilities in New York City

---

[2] *Officials: FBI Notified of Inmate Death at Atlanta Prison*, Fox 5 Atlanta (Sept. 17, 2020), https://www.fox5atlanta.com/news/officials-fbi-notified-of-inmate-death-at-atlanta-prison.

remains heightened.³ The MCC is allegedly doing little to protect the inmates in its care.⁴ Re-incarcerating Mr. Stephens, even for a short time, would undoubtedly reverse the rehabilitative progress he has made and almost certainly expose him to a deadly disease. If the Court finds any further sentence is warranted, Mr. Stephens has demonstrated he can be trusted to continue serving the time on home confinement, under 24/7 electronic monitoring by Probation.

   Finally, Probation recommends an additional year of supervised release following a period of incarceration. Without remotely diminishing the seriousness of the lead violations in this matter, we respectfully request that Mr. Stephens's supervision term terminate as scheduled, regardless of the sentence otherwise imposed. Mr. Stephens has already served two-thirds of his original three-year term of supervised release, and approximately only one year of his supervision term remains. Mr. Stephens has benefitted from supervised release as seen through his successful start on supervision and his voluntary attendance at stress management and mental health counseling sessions, January Submission at 2, 3, but he has also undoubtedly struggled with some of its requirements including reporting, *see id*. at 5–6. While Mr. Stephens has succeeded in home detention—demonstrating his desire to get back on track—extending his supervision term further increases the likelihood of failure to meet technical requirements of supervision and consequent disruption of his reentry. Therefore, we respectfully ask that Mr. Stephens's term of supervision expire on September 26, 2021.

---

³ *See, e.g.*, *New York City Covid Map and Case Count*, N.Y. Times, https://www.nytimes.com/interactive/2020/nyregion/new-york-city-coronavirus-cases.html (last updated Oct. 14, 2020).

⁴ Stephen Rex Brown, *Lower Manhattan Federal Jail MCC Facing New Coronavirus Outbreak: Court Papers*, N.Y. Daily News (Sept. 1, 2020), https://www.nydailynews.com/coronavirus/ny-coronavirus-outbreak-mcc-jail-20200901-bqdruxiojrc2tlzaf7f4ahjeku-story.html; Letter Motion for Conference Re Update on Conditions at MCC, *Fernandez-Rodriguez et al. v. Licon-Vitale*, No. 20-cv-3315 (ER) (S.D.N.Y Aug. 30, 2020), ECF No. 98 at 1–2 ("[T]he number of inmates who tested positive has increased over seven-fold, from 5 to 37. . . . Inmates report going weeks or even months without a temperature check or symptom screening, even in quarantined units with recent positive cases. When screenings do occur, they consist in at least some cases of merely asking a group of inmates '[i]s everyone OK?' Inmates who were isolated due to positive COVID-19 tests are being returned to regular housing without a negative test, medical screening, or even the expiration of the 14-day quarantine period. All the while, the MCC continues to use the punitive Special Housing Unit for isolation purposes.").

### IV. Conclusion

For the foregoing reasons, we respectfully request that the Court impose a sentence of time served, or, in the alternative, that any additional time be served on home confinement, and that supervision terminate on September 26, 2021.

          Respectfully submitted,

          JENNER & BLOCK LLP

          By:  /s/ Anthony S. Barkow
          Anthony S. Barkow
          Kara V. Brandeisky
          Bina M. Peltz
          JENNER & BLOCK LLP
          919 Third Avenue
          New York, New York 10022-3908
          Telephone:  (212) 891-1600
          Facsimile:  (212) 891-1699
          abarkow@jenner.com
          kbrandeisky@jenner.com
          bpeltz@jenner.com

          *Attorneys for Dante Stephens*

cc:    AUSA Jamie Bagliebter (via ECF and email)
       AUSA Allison Nichols (via ECF and email)
       Probation Officer Lauren Blackford (via ECF and email)

# Exhibit A

To Whom It May Concern,

    I am Taejuan Stephens, the younger sister of Dante Stephens. I am 19 years old and currently a student at John Jay College where my major is criminal justice. I am writing this letter on behalf of my brother who has always been a caring and protective brother to me. Over the past few months I've noticed significant growth and change for the better from Dante. I truly believe moving forward he will be successful because during our conversations he expressed to me that he does want to enroll in a trading school. He has become more ambitious and for this reason I believe he needs all the positive support he can get. As his younger sister and witness to his growth I do ask you to grant him a chance to prove himself, it would be greatly appreciated.

    Thanks In advance

# Exhibit B

To whom it may concern ,

        My name is Dana Phillips sister of Dante stephens. Upon his release last year and may I b current it was around Halloween i work in a salon so when I saw my brother walk into my job I was happy n heart opening n we spoke On topics on which how he wouldn't get in no trouble n start to help out at my salon .on Halloween we purchased candy for the kids in the community n Dante was the one giving candy to each child.the embrace of love he receive  n his daughter was the most happiest that At one point she broke down in tears it was a touching moment for my family . Dante is a very known person in the community the amount of people which I saw came to him N even pray for him.every time I go to work at least three older people would ask me about him .Dante spend time with his two kids on a every weekend basics n he is a great father more better than anything.On thanksgiving we help our mother prepare dinner and Dante decide to send two plate to two elderly grandma that lives across from my mom.he is very sincere and hav a good heart night not make the right choices at time jus like the crowd but hopefully in god name he learn n I kno in my heart he goin to do better.he realize he getting older n he want to go forward n go bac to school n raise his kids better than he kno .Him hisself confess to me and said my sister life going to be a positive note after I deal with this situation with the law n will not look bac but straight ahead of me n do right for me n my family n I Believe him.if you have any question for please feel free to contact me at 914-689-1483

                    Dana Phillips
                    October 11,2020